**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

In Re:

WALTER JOSEPH REGAN,

                      Debtor.

3:23-cv-1367 (BKS)

---

**Appearances:**

*Appellant pro se:*
Walter Joseph Regan
Ithaca, New York 14851

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Debtor-Appellant Walter Joseph Regan ("Appellant") brings this appeal from an October 18, 2023 order of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in Bankruptcy Case No. 18-31694 granting discharge under 11 U.S.C. § 727 to Appellant. (Dkt. No. 1.) For the reasons set forth below, this appeal is dismissed for failure to file an appellate brief pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, failure to comply with Court orders, and failure to prosecute.

### II.    PROCEDURAL HISTORY

Appellant filed his notice of appeal on November 1, 2023. (Dkt. No. 1.) On December 13, 2023, the Clerk of the Bankruptcy Court certified Appellant's noncompliance with Rules 8009(a)(1)(A) and 8009(b) of the Federal Rules of Bankruptcy of Bankruptcy Procedure. (Dkt. No. 3-1.) The same day, the Court ordered that the instant appeal be dismissed unless Appellant complied with those rules within thirty days of the date of the order. (Dkt. No. 4.) By letter dated

January 8, 2024, Appellant requested, inter alia, an extension of time to comply with Rules 8009(a)(1)(A) and 8009(b). (Dkt. Nos. 5, 6.) The Court granted Appellant's request for an extension and ordered that Appellant comply with Rules 8009(a)(1)(A) and 8009(b) by February 12, 2024. (Dkt. No. 7.) Appellant subsequently filed a designation of the record on appeal. (Dkt. No. 8.)[1]

By scheduling order dated February 16, 2024, Appellant was given forty days to file his opening appellate brief. (Dkt. No. 9). Appellant did not file a brief by the March 27, 2024 deadline or request any additional extensions.

On April 11, 2024, the Court issued an order to show cause as to why this action should not be dismissed for failure to prosecute. (Dkt. No. 12.) The Court ordered Appellant to file and serve, by May 2, 2024, either his appellate brief or a response to the order to show cause stating why this action should not be dismissed for failure to prosecute and warned Appellant that if the Court did not receive from Appellant his appellate brief or a response to the order to show cause on or before May 2, 2024, this action would be dismissed. (*Id.*) To date, Appellant has not filed his appellate brief or a response to the Court's order to show cause.

## III.    DISCUSSION

Rule 8018 of the Federal Rules of Bankruptcy Procedure states that "[u]nless the district court . . . excuses the filing of briefs or specifies different time limits[,] [t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1).[2] "[I]f an appellant fails

---

[1] While Appellant's filing was not docketed until February 14, 2024, the associated certificate of service is dated February 12, 2024, (Dkt. No. 8-1; *see also* Dkt. No. 11).

[2] Local Rule 81.2(b) specifies that "Appellant's brief, not to exceed 25 pages, is due forty (40) days from the filing of the Court's Scheduling Notice."

to file a brief on time[,] . . . the district court[,] . . . after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4); *see also id.* 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal . . . is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."); *In re Lynch*, No. 19-2965, 2022 WL 16467, at *1, 2022 U.S. App. LEXIS 51, at *2 (2d Cir. Jan. 3, 2022) (summary order) ("The district court is permitted to dismiss a bankruptcy appeal if the appellant fails to file a brief."). These time limitations "are not jurisdictional" and "the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines," but "the [district] court should exercise its discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." *Zaretsky v. Zaretsky*, No. 19-cv-6790, 2021 WL 327707, at *1, 2021 U.S. Dist. LEXIS 19129, at *2 (E.D.N.Y. Feb. 1, 2021) (alteration in original) (citation omitted). This is true even if the appellant is proceeding pro se. *See In re Hoti Entes., L.P.*, No. 10-cv-24129, 2013 WL 1812197, at *16, 2013 U.S. Dist. LEXIS 62463, at *47 (S.D.N.Y. Apr. 26, 2013) ("[An appellant's] procedural default is not excused by his status as a pro se litigant . . . ."); *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008) (noting that, "although pro se litigants . . . are generally afforded some latitude, they are nonetheless required to learn and comply with procedural rules" and dismissing a pro se litigant's bankruptcy appeal where he did not demonstrate that his failure to timely file a brief "was the result of a good faith mistake or that it arose out of circumstances beyond [the appellant's] control"); *In re Bristol*, No. 09-cv-1683, 2010 WL 1223053, at *2–3, 2010 U.S. Dist. LEXIS 27647, at *5–9 (E.D.N.Y. Mar. 24, 2010) (collecting cases discussing the circumstances under which a pro se litigant's bankruptcy appeal may be dismissed for failure to timely file a brief).

"Courts in this Circuit look to several facts when weighing dismissal in this context," including "bad faith, negligence, and indifference," and "the duration of [the appellant's] failures or non-compliance"; "whether [the appellant] had notice that such conduct would result in dismissal"; "whether prejudice to the [the appellee] is likely to result"; "the balance of the court's 'interest in managing its docket against [the appellant's] interest in receiving an opportunity to be heard'"; and "the efficacy of a sanction less draconian than dismissal." *Zaretsky*, 2021 WL 327707, at *1, 2021 U.S. Dist. LEXIS 19129, at *2–3 (first quoting *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 56 (2d Cir. 1987) (per curiam), and then quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000)).

Here, Appellant's brief was due on March 27, 2024. (Dkt. No. 9.) When Appellant did not meet that deadline and did not otherwise contact the Court to request an extension, the Court ordered that the Appellant file his brief by or show cause as to why his appeal should not be dismissed by May 2, 2024. (Dkt. No. 12.) Appellant has still not filed his brief despite specific orders from the Court and an extension of time to do so. Nor has Appellant offered any explanation as to his failure to file a brief or otherwise responded to the Court's order to show cause. This demonstrates that Appellant is, at least, indifferent, *see In re Lynch*, 2022 WL 16467, at *1, 2022 U.S. App. LEXIS 51, at *4 ("When [the appellant] failed to respond to [the court's] order, the court found her failures to comply to be 'willful[]' and dismissed her appeal . . . ." (third alteration in original)), and weighs in favor of dismissal, *see In re Archibald*, No. 23-cv-10462, 2024 WL 2093644, at *3 (S.D.N.Y. May 9, 2024) (collecting cases and finding that failure to file a brief and failure to explain such neglect warrants dismissal of the appeal); *Zarektsky*, 2021 WL 327707, at *1, 2021 U.S. Dist. LEXIS 19129, at *3 (same); *see also In re*

4

*Lynch*, 430 F.3d 600, 605 (2d Cir. 2005) ("Where, as here, no excusable neglect was shown, the late filing is not permitted.").

Further weighing in favor of dismissal are Appellant's lack of contact with the Court since February 14, 2024, nearly three months ago, *see In re Archibald*, , 2024 WL 2093644, at *3 (collecting cases); the multiple warnings, (Dkt. Nos. 7, 12), given to Appellant that failure to comply with the relevant rules will result in dismissal; the presumption of prejudice to Appellees because of Appellants inexcusable delay, *see In re Archibald*, , 2024 WL 2093644, at *3; *see also U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)); and the Court's full calendar balanced against the opportunities—of which he did not avail himself—that Appellant was afforded to comply or otherwise explain his failure to comply with the relevant rules, *see In re Archibald*, 2024 WL 2093644, at *4 (citing *Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-cv-8245, 2023 WL 145521, at *2, 2023 U.S. Dist. LEXIS 4524, at *5 (S.D.N.Y. Jan. 10, 2023)).

Finally, "in light of [Appellant's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would . . . prove[] effective in this case." *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008); *see also In re Archibald*, 2024 WL 2093644, at *4 (collecting cases).

Accordingly, because Appellant has failed to file his appellate brief, failed to comply with Court orders, and failed prosecute this action, this appeal is dismissed.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Appellant's appeal is **DISMISSED** for failure to file his appellate brief, failure to comply with Court orders, and failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated: <u>May 13, 2024</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge